**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **CHARLES WILLIAMS SR.,** | ) | **CASE NO. 1:23 CV 1404** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **CUYAHOGA COUNTY** | ) | |
| **TREASURER,** *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Charles Williams has filed an *in forma pauperis* civil rights complaint in this case against the the Cuyahoga County Treasurer, the Cleveland Department of Public Works Division of Park Maintenance and Properties, and John and Jane Does. (Doc. No. 1.) The basis for his complaint is that defendants erroneously overcharged him property taxes, in the form of special assessments on his tax bill for grass cutting on his property, even though he appealed, and was granted an appeal, challenging those assessments. Although he alleges he informed the Cleveland Department of Public Works Division of Park Maintenance and Properties of the incorrect charges on his tax bill and was informed that the grass cutting charges would be rescinded (*see* Doc. No. 1 at ¶ 4), he nonetheless filed this lawsuit, contending the erroneous charges violated his rights. He asks the Court to "dismiss" the overcharges (in the amount of $1214.75) for lack of evidence, and for an award of "punitive and speculative damages in excess of $25,000." (*Id*. at 4.)

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis,*

*Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party seeking to invoke federal jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff's complaint does not allege a plausible claim over which the Court may exercise subject matter jurisdiction.

The Tax Injunction Act (TIA) provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA is "first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981) (citations omitted). To that end, the TIA restricts suits seeking injunctions or declaratory judgments in federal court pertaining to the collection of state taxes. *See id.*

Further, "[t]he doctrine of comity, which is 'more embracive than the TIA,' forbids suits for damages under 42 U.S.C. § 1983 brought to remedy allegedly unconstitutional state tax assessment or collection." *Pegross v. Oakland Cnty. Treasurer*, 592 Fed. App'x 380, 385 (6th Cir. 2014) (internal citations omitted).

Plaintiff seeks injunctive relief and damages as to an erroneous local tax bill, but nothing in his complaint suggests an efficient state remedy was not available to him. To the contrary, his complaint on its face demonstrates he was afforded a mechanism for remedying the erroneous tax assessments. The TIA and principles of comity divest the Court of subject matter jurisdiction over

his claims.

## Conclusion

Accordingly, plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is dismissed for lack of subject matter jurisdiction. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                              */s/ Dan Aaron Polster*   10/13/2023
                                              DAN AARON POLSTER
                                              UNITED STATES DISTRICT JUDGE